Singh v. Bondi

BIA
Loprest, IJ
A205 421 764

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of April, two thousand twenty-five.

PRESENT:
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

SARWINDER SINGH,
> *Petitioner,*

v.                                                                                  **22-6437**
                                                                                    **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*\*

_____

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR PETITIONER:             Jagbir Terkiana, Alexandra Jacobs, Terkiana, PC, Sunnyvale, CA.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Alexander J. Lutz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sarwinder Singh, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sarwinder Singh,* No. A205 421 764 (B.I.A. Aug. 18, 2022), *aff'g* No. A205 421 764   (Immigr. Ct. N.Y.C. May 22, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA, considering only the grounds that the BIA relied on, specifically its conclusion that the circumstances in India had fundamentally changed. *See Xue Hong Yang v. U.S. Dep't of Just.,* 426

2

F.3d 520, 522 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Under the substantial evidence standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As part of his claim for relief, Singh alleged that he endured past persecution and now has a fear of future persecution by the Congress Party and the police in the Indian state of Punjab on account of his Sikh religion and support for the Shiromani Akali Dal Amritsar Party ("SADA") and its goal of an independent Sikh state, known as "Khalistan." Certified Admin. Record at 381–82. The IJ found Singh to be not credible and concluded, in the alternative, that the conditions in India had fundamentally changed since Singh left the country in 2012. The BIA explicitly declined to rest its findings on the IJ's credibility finding and instead affirmed the decision of the IJ on the ground that conditions in India had fundamentally changed.

On appeal, Singh repeats a due process argument he made below – namely, that the IJ's reliance on country conditions evidence that post-dated his 2016 hearing prevented him from having an opportunity to respond to that evidence.

3

We disagree. An agency may take administrative notice of reports from the State Department. *See Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 222 n.4 (2d Cir. 2009) ("[T]he BIA has the power to take administrative notice of official reports such as those from the State Department." (citing 8 C.F.R. § 1003.1(d)(3)(iv))). And while we have provided that "an asylum applicant must be given notice of, and an effective chance to respond to, potentially dispositive, administratively noticed facts," *Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) (internal quotation marks omitted), the IJ merely relied on the 2018 report as evidence that conditions in India had not materially changed since the 2015 report that was provided by Singh and considered at his hearing. At his 2016 hearing, Singh conceded that the Congress Party was no longer in power, and the country conditions evidence that he himself provided – including the 2015 State Department report – made clear that Sikhs were not subject to persecution at that time. In fact, when asked at the hearing how it was that other Sikhs – including the leader of SADA – were able to live safely in the state of Punjab, Singh was unable to provide a convincing explanation. Because Singh had an opportunity to respond to the relevant facts relied on by the IJ, *see id.*, and because he failed to identify any reports that contradicted the information that was contained in the record at the time of his

4

hearing, we cannot say that he was denied an opportunity to respond to facts that formed the basis of the IJ's decision.

Singh also challenges the agency's determination that circumstances in India had fundamentally changed since Singh's departure in 2012. But this contention is wholly at odds with the evidence in the record. For example, while Singh testified that he experienced threats and beatings from Congress Party members and the police in 2011 and 2012, he conceded at his hearing that the Congress Party is now no longer in power. The IJ also pointed out that other Sikhs – including Singh's father, a former leader of SADA – continue to live unharmed in Punjab. In light of this evidence, a reasonable fact finder would not be compelled to conclude that the agency's changed circumstances finding was incorrect. *See* 8 U.S.C. § 1252(b)(4)(B).

Nor are we persuaded that the Bharatiya Janata Party ("BJP") – India's new ruling party – will target him for persecution as the Congress Party had before. Singh referred to the BJP just twice at his hearing and failed to provide any detail as to how or why the BJP would seek to persecute him were he to return to India. Indeed, the country conditions evidence provided by Singh and administratively noticed by the IJ supports the opposite conclusion. In particular, the State

Department's Human Rights reports for India from 2015 and 2018 reflect that the BJP won a 2014 election that was "free and fair despite isolated instances of violence" and that "[c]ivilian authorities maintained effective control over the security forces." 2018 India Human Rights Report at 1;[1] Certified Admin. Record at 214 (2015 Report). Nothing in those reports, or in the 2011 report from the Asian Center on Human Rights provided by Singh, supports a finding that Sikhs, SADA Party members, or pro-Khalistan activists are subject to persecution at the hands of the BJP or the Congress Party. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that a petitioner "cannot secure . . . relief by pointing to conflicting evidence that might support – but not compel – a different conclusion").

Because Singh's claims for asylum, withholding of removal, and CAT relief all turn on the same assertions of persecution by the Congress Party or BJP in Punjab, the agency's finding of changed circumstances is dispositive as to all three claims. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i)(A), and 1208.16(c)(2). Thus, we do not reach the agency's alternative relocation finding. *See INS v.*

---

[1] U.S. Dep't of State, Bureau of Democracy, H.R. and Lab., India Human Rights Report (2018), available at https://www.state.gov/reports/2018-country-reports-on-human-rights-practices/india/.

*Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court